IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY A. CHANDLER, | ) | Case No. 1:03 CV2057 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| THE VILLAGE OF CHAGRIN FALLS, | ) | |
| et al., | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

This is a civil rights case, in which plaintiff Holly A. Chandler ("Chandler") seeks relief under Title 42 U.S.C. § 1983 for alleged violations of her constitutional right to be free from deprivation of property without due process of law. The remaining defendants are representatives of the Village of Chagrin Falls, including several Village Council members (collectively,"the Village"). On August 15, 2005, this court entered an order denying Chandler's motion for summary judgment and granting the Village's motion for summary judgment in part (Docket No. 82). The court also set a trial date of October 31, 2005, for the remaining issues. Now before the court is a motion filed by Chandler, seeking enforcement of an alleged offer of judgment made by the Village (Docket No. 84). For the following reasons, the court denies this motion.

Under Federal Rule of Civil Procedure 68:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.

The Village acknowledges that it served a qualifying Rule 68 offer on Chandler on April 12, 2004. Chandler acknowledges that she declined to accept this offer. In accordance with the plain language of Rule 68, the April 2004 offer must therefore be "deemed withdrawn." *Id.*

In the instant motion, Chandler argues that the Village "renewed" its original offer in a letter to Chandler's counsel dated August 24, 2005 (and submitted as Exhibit B to Docket No. 84). The relevant portion of said letter reads as follows:

> My analysis of the language in the ruling leads me to believe that you are going to be somewhat restricted in damages, as the Judge has already ruled that this was not an improper taking, and that your client was not damaged by the four month delay during the administrative process. The only issue to be resolved by further evidence at the time of trial will be the Council's right to review an ARB appeal by a non-party, and the right to remand to the ARB for further hearings. We think that this will be easy to develop in our evidentiary presentation, and would anticipate a directed verdict on this only remaining issue. If not, we strongly feel that the amount of damages, if any, will be substantially under that which has already been formally offered pursuant to the Federal Rules of Procedure.
>
> That being said, you may recall that $5,000.00 of the $20,000.00 offered came from the co-defendants who have now been dismissed. Therefore, their contribution is no longer available.
>
> I still may be able to obtain the $20,000.00 to close this matter out without the necessity of trial, should your client be interested. However, we are going to be hard pressed not to push for reimbursement of Village attorneys' fees in the event that Chandler does not receive a verdict greater than the $20,001.00. We are entitled under Civil Rule 68 to receive our costs, including attorneys' fees, incurred after the making of the offer, should the verdict be less. Further, your client will be precluded from any recovery for costs including attorney's fees ...
>
> Under these circumstances, [I] would think that [Chandler] would be inclined to end this matter once and for all.

Docket No. 84, Exh. B, at 1-2. Chandler claims that she subsequently accepted the offer allegedly encompassed by this language.

The parties do not dispute that basic contract principles apply to the interpretation of settlement offers made under Rule 68. *See Sharpe v. Cureton*, 319 F.3d 259, 275 (6th Cir. 2003); *Whitaker v.*

*Associated Credit Services, Inc.*, 946 F.2d 1222, 1226 (6th Cir, 1991)(both citing *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991)). In Ohio, a valid contract requires offer, acceptance, contractual capacity, consideration, mutual assent, and legality of object and consideration. *Lake Land Empl. Group of Akron, LLC v. Columber*, 804 N.E.2d 27, 31 (Ohio 2004), citing *Kostelnik v. Helper*, 770 N.E.2d 58 (Ohio 2002).

The very first of these elements is lacking here. It is clear to the court that the Village's August 24 letter contains no offer sufficient to trigger the provisions of Rule 68. Counsel's statement "I still *may* be able to obtain the $20,000.00 to close this matter" is both unambiguous and dispositive. It admits of no other interpretation than this: that counsel could not make another offer in terms similar to those advanced in April of 2004 without first obtaining some manner of approval from his client.

Chandler was not justified in reaching beyond the plain meaning of this phrase to imagine both (a) that said approval had already been given and (b) that counsel presently intended to advance a $20,000.00 offer of judgment. Indeed, it appears that counsel did *not* succeed in obtaining the necessary approval following Chandler's positive response, as noted in Exhibit C to Chandler's motion: "I am sorry to inform you that we do not have the authority to offer the $20,000.00 to settle this case." *Id.* at 1. Moreover, counsel for the Village did not serve notice of any specific offer on Chandler herself, a clear prerequisite to the operation of Rule 68.

As no offer could be understood to issue from the Village's letter, no contract was formed between the parties, and the provisions of Rule 68 do not apply.

For the foregoing reasons, Chandler's motion is denied. Trial is still scheduled to commence on October 31, 2005.

IT IS SO ORDERED.

/s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: October 20, 2005**

<2NcTvS>
<3NcTvS>
<4NcTvS>
<5NcTvS>
</5NcTvS>
</4NcTvS>
</3NcTvS>
</2NcTvS>