IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOLLY A. CHANDLER, | ) CASE NO. 1:03CV2057 |
| Plaintiff, | ) |
| vs. | ) Judge Ann Aldrich |
| THE VILLAGE OF CHAGRIN FALLS, *et al.*, | ) MEMORANDUM OPINION |
| Defendants. | ) AND ORDER |
| | ) [Order on Docket Nos. |
| | ) 115, 116, 122, 124, 128, and 129] |

Several post-trial motions are before this Court including: (1) defendant Village of Chagrin Falls' motion for judgment as a matter of law, or alternatively for a new trial (Docket No. 115); (2) plaintiff Holly A. Chandler's motion for attorney fees (Docket 122); and (3) Chagrin Falls' motion to enforce an offer of judgment pursuant to Fed. R. Civ. P. 68 (Docket No. 124). As detailed below, related procedural motions also are pending.

I. FACTS

On October 6, 2003, Holly A. Chandler filed this action against the Village of Chagrin Falls ("Chagrin Falls"), several village council members, and two of her neighbors. Chandler alleges that the defendants violated her civil rights by denying her a building permit to replace her garage. Local ordinances contain procedures for reviewing construction plans to ensure that any new construction is consistent with the appearance and image of the village. Chandler claims that the defendants did not follow the required procedures when they denied her a permit

to replace her garage, thereby depriving her of her civil rights.

On August 15, 2005, the Court granted summary judgment to the defendants on all claims except Count Two as against Chagrin Falls and the village council members. Count Two asserts that Chagrin Falls and the village council did not follow established procedures when they denied Chandler a building permit, thereby depriving her of her property rights without due process of law.

On November 14, 2005, a jury found for Chandler on the issue of liability against Chagrin Falls (but not against the individual village council members) . On December 8, 2005, following a separate damages trial, the jury awarded Chandler $10,000.00.

## II.  LAW AND ANALYSIS

A.  JMOL or New Trial

On November 30, 2005, Chagrin Falls filed a motion for judgment as a matter of law ("JMOL"), or alternatively for a new trial, pursuant to Fed. R. Civ. P. 50 and 59 (Docket No. 115). Chagrin Falls argues that: (1) no genuine issue of material fact existed for the jury to decide, and reasonable minds could come only to a conclusion in favor of Chagrin Falls; (2) the jury improperly considered questions of law, as evidenced by its question to the Court regarding standing; and (3) the verdict was against the weight of the evidence and unreasonable.[1]

---

[1] On December 5, 2005, Chandler moved to strike Chagrin Falls' motion as untimely (Docket No. 116). She claims that Chagrin Falls missed the ten-day deadline of Rules 50 and 59, but she miscalculates the time period. Fed. R. Civ. P. 6(a) provides that when a time period set forth in the rules is less than eleven days, weekends and holidays are excluded. Thus, a ten-day time period is ten business days. Here, the time period included the Thanksgiving holiday, during which the Court was closed four days (in 2005 this Court was closed the day after

-2-

The Court may grant judgment as a matter of law against a party on any issue if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue". Fed. R. Civ. P. 50(a). The standard for granting judgment as a matter of law mirrors that for granting summary judgment. The Court must consider all the evidence in the record, drawing all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Products, Inc.,120 S. Ct. 2097, 2109-10 (2000). Fed. R. Civ. P. 59(a) alternatively authorizes the Court to grant a new trial.

Judgment as a matter of law is appropriate only when there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the non-moving party. Moore v. KUKA Welding Systems, 171 F.3d 1073, 1078 (6th Cir. 1999); Phelps v. Yale Security, Inc., 986 F.2d 1020, 1023 (6th Cir.), cert. denied, 510 U.S. 861 (1993). Similarly, a new trial may be awarded if the verdict is unsupported by the evidence, that is, no reasonable juror could reach that verdict based on the facts and the law. Moore, 171 F.3d at 1082. Generally, this standard is met if: (1) the verdict is against the great weight of the evidence; (2) the damages are inappropriate as to the amount; or (3) the trial was influenced by bias or prejudice, or was otherwise unfair to the moving party. Holmes v. City of Massilon, Ohio, 78 F.3d 1041, 1045-46 (6th Cir.), cert. denied, 519 U.S. 935 (1996).

Chandler's claim is for a deprivation of her property rights without due process of law under 42 U.S.C. § 1983. Section 1983 provides a remedy for the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution or laws of the United States.

---

Thanksgiving). Chagrin Falls had until November 30, 2005 to file post-trial motions. Accordingly, the motion is timely, and Chandler's motion to strike is denied.

To state a claim under section 1983, a complaint must allege facts sufficient to demonstrate (1) the deprivation of a federal right; and (2) the deprivation was committed by one acting under color of state law.  West v. Adkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); United of Omaha Life Insurance Co. v. Solomon, 960 F.2d 31, 33 (6th Cir. 1992).

To demonstrate a violation of due process with respect to property, one must show: (1) the deprivation of a constitutionally protected property interest; and (2) federal due process requirements were not observed.  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428-28 (1982); Christian v. Belcher, 888 F.2d 410, 416 (6th Cir. 1989).

In its first argument, Chagrin Falls claims that no genuine issue of material fact existed for the jury to decide, and reasonable minds could come only to a conclusion in its favor. Similarly, in its third argument, Chagrin Falls claims that the verdict was against the weight of the evidence and unreasonable.  Upon review of the evidence, this Court concludes that there was sufficient evidence to support the conclusion that Chagrin Falls violated its own procedures regarding Chandler's request for a building permit.  In doing so, the village deprived Chandler of her property rights without due process of law.  Accordingly, Chagrin Falls' first and third arguments lack merit.

Chagrin Falls also argues that the jury considered improper legal questions in arriving at its verdict.  During deliberations, the jury requested a copy of Ohio Revised Code Chapter 2506 and asked a question regarding the standing of a neighbor to oppose Chandler's request for a permit.  Chagrin Falls argues that standing is a question of law for the Court, and not the jury, to decide. It argues, therefore, that the verdict should be set aside because the jury obviously "lost

its way" during deliberations. The Court disagrees.

Under Rules 50 and 59, a liability verdict will be set aside only if the verdict is against the great weight of the evidence, or the trial was influenced by bias or prejudice, or was otherwise unfair to the moving party. When viewed in the context of the entirety of the trial and the evidence, the jury's question does not rise to the standards necessary to set aside the verdict.

For the foregoing reasons, Chagrin Falls' motion for JMOL or new trial (Docket No. 115) is denied.

### B. Attorney Fees, Costs, and Expenses

On December 13, 2005, Chandler filed a motion for an award of attorney fees, which also seeks reimbursement of other related costs and expenses (Docket No. 122).[2] Chandler seeks attorney fees in the amount of $132,733.33, plus additional village proceeding expenses of $2,786.95 and litigation expenses of $4,539.67.

In a 1983 action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. One is a prevailing party if she succeeds on any significant issue in the litigation which achieves some benefit the party sought in bringing suit. Farrar v. Hobby, 506 U.S. 103, 109 (1992); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Chagrins Falls concedes that Chandler is a "prevailing party", so the dispute here centers upon what constitutes a reasonable fee.

The amount of the fee is determined on a case-by-cases basis. The court should determine the number of hours expended and a reasonable hourly rate, and exclude from this

---

[2] As part of the briefing, Chagrin Falls filed a motion for leave to file a surreply opposing Chandler's motion (Docket No. 129). The Court has considered all briefs regarding attorney fees, so the motion for leave is granted.

initial calculation those hours not reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 429-30 (1983); Reed v. Rhodes, 179 F.3d 453, 469 (6th Cir. 1999). In enacting section 1988, a Senate Report identified twelve factors relevant to determining a reasonable fee amount. Categorized and grouped, these factors require the court to consider such matters as the time and labor required, the nature, novelty, and complexity of the issues, the attorney skill and experience, the amount recovered, and customary fees for similar cases. See Hensely, 461 U.S. at 430 n. 3; Reed, 179 F.3d at 471-72..

Chandler submits documentation that her counsel spent 663.67 hours related to this case and charges $200/hour, which results in a fee of $132,733.33. In addition to attorney fees, she seeks recovery of $2,786.95 in expenses incurred during village proceedings, and $4,539.67 in other litigation expenses. Chagrins Falls argues that the fee and expense award that Chandler seeks is excessive because:  (1) the amount is disproportionate to the amount of the jury award and Chandler's "degree of success"; (2) the number of hours counsel spent is excessive; (3) counsel's asserted hourly rate is excessive.[3]

Chagrin Falls first argues that the amount of the award Chandler requests is disproportionate to the jury verdict and her degree of success. A major factor in determining the reasonableness of a fee award is a plaintiff's "degree of success". Farrar, 506 U.S. at 114-15; Cramblit v. Fikse, 33 F.3d 633, 635 (6th Cir. 1994). The court should consider the amount and nature of the damages awarded. Cramblit, 33 F.3d at 635.

Chagrin Falls argues that Chandler's low degree of success if evidenced by the plain

---

[3]     Chagrin Falls also argues that any fee award must be reduced by virtue of the offer of judgment it made pursuant to Fed. R. Civ. P. 68. Issues arising under Rule 68 are discussed separately below.

words of her complaint. She sought compensatory and punitive damages in the amount of $1,000,000 each but was awarded only $10,000, and she originally asserted twelve counts but only one went to trial. The Court, however, focuses on substance over form. Chandler sought vindication of her right to make reasonable changes to her own property, and she was compensated fully for her damages. Chagrin Falls recognizes this, stating that she was awarded $10,000 when her alleged documented expenses arguably were only about $1,600. The recovery cannot be considered "nominal damages" as the award was in many of the cases cited by Chagrin Falls. Looking at the nature and substance of her claim, rather than the form in which it was pled, Chandler's degree of success was total.

Similarly, there was a common factual basis for the various claims, so the dismissed claims do not result in a reduction of fees. In a case such as this, the court must focus on the significance of the overall relief obtained by the plaintiff. When claims arise under a common core of facts, counsel's time is devoted to the litigation as a whole and cannot be divided claim by claim. Hensley, 461 U.S. at 435. The fee should not be reduced merely by comparing the total number of issues raised with the total prevailed upon. Phelan v. Bell, 8 F.3d 369, 374 (6th Cir. 1993) (applying a comparable fee provision under the Individuals with Disabilities Education Act). Again, looking at substance over form, Chandler's claims all arise out of a common core of facts, so her "degree of success" is not reduced by the dismissed claims.

Chagrin Falls next argues that the number of hours is excessive. The issue is whether the time spent was reasonable looking at the case as a whole. The fact that some time is spent pursuing issues which ultimately prove unproductive is irrelevant, and unsuccessful research or litigation segments are compensable so long as the positions are neither frivolous nor asserted in

bad faith.  Northcross v. Board of Education of the Memphis City Schools, 611 F.2d 624, 636 (6th Cir.), cert. denied, 447 U.S. 911 (1980).

Here, a substantial portion of Chandler's fees relate to her counsel's attendance at administrative hearings and meetings at the village level.  In this case, the Court finds that the number of hours spent at the village level is reasonable.  Proceedings at the village level became adversary, and to protect Chandler's rights, it was necessary for counsel to prepare for and appear at village meetings and hearings in a manner comparable to litigation activity.  For this reason, the village level costs also are reasonable.  In particular, the evidence showed that the village keeps only summary minutes of certain meetings and proceedings, so it was necessary for Chandler's counsel to retain a court reporter to obtain an accurate transcript as to what was occurring.

As to litigation hours, the Court finds such hours also to be reasonable.  The defendants themselves contributed to the considerable time spent on this litigation.  For example, at various times, leading up to the trial itself, Chagrin Falls indicated the potential of calling as many as twenty witnesses.  Chandler's counsel would have been remiss not to pursue all these avenues in both discovery and trial preparation.  Furthermore, as stated above, unproductive avenues of research are not excluded unless unreasonable.  Here, the Court finds that Chandler's counsel was reasonable in connection with pursuing this litigation.

Chagrin Falls next argues that the hourly rate charged by Chandler's counsel is unreasonable.  With respect to the hourly rate, the rate should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question.  Reed,

179 F.3d at 469; Coulter v. State of Tennessee, 805 F.2d 146, 149 (6th Cir. 1986), cert. denied, 482 U.S. 914 (1987).

Both parties submit affidavits from attorneys in the community regarding appropriate hourly rates and fee awards.  Collectively, Chandler submits affidavits indicating that private billable rates for this type of litigation range anywhere from $175.00 to $500.00 per hour, and fee awards range from $175.00 to $275.00 per hour.  Chagrin Falls submits affidavits supporting a much lower rate of $95.00 to $130.00 per hour.  Of course, this Court's own experience on the bench has provided an additional knowledge base regarding what constitutes a rate sufficient in this market to encourage competent lawyers to undertake representations of this type.  Based on all this information, the Court concludes that the rate charged by Chandler's counsel, $200.00 per hour, is appropriate.

In her reply brief, Chandler argues for the first time that she is entitled to additional fees and expenses as sanctions pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11.  In particular, she accuses Chagrin Falls of "frivolous conduct and needlessly, unreasonably and vexatiously multiplying post-trial litigation."  Although the Court rules in favor of Chandler on the various post-trial motions, the Court finds that Chagrin Falls' positions on the post-trial issues are not frivolous, nor litigated vexatiously.  Accordingly, additional sanctions pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11 are denied.

For the foregoing reasons, Chandler's motion for attorney fees and expenses is granted, and the Court  hereby awards (1) attorney fees in the amount of $132,733.33; (2) village level costs and expenses in the amount of $2,786.95; and (3) litigation costs and expenses in the amount of $4,539.67.

C. Offer of Judgment

On December 21, 2005, Chagrin Falls filed a motion to enforce an offer of judgment made pursuant to Fed. R. Civ. P. 68 (Docket No. 124). Chagrin Falls asserts that on April 12, 2004, it, along with the other defendants, made Chandler an offer of judgment in the amount of $20,001.00, which exceeds the jury verdict of $10,000.00. Accordingly, Chagrin Falls argues that it is entitled to its own attorney fees and expenses incurred after the offer date, and Chandler is precluded from recovering attorney fees and expenses after such date. Under Chagrin Falls' calculation of the parties' competing fees and expenses, it claims the village is entitled to a net recovery of $15,882.14. (See Chagrin Falls' Opposition to Chandler's Motion For Attorney Fees, Docket No. 123, at 13.)[4]

Fed. R. Civ. P. 68 provides that at any time more than ten days before trial, a party defending a claim may serve upon the adverse party an offer to allow judgment in a specified amount. "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." When, as here, the underlying statute provides for recovery of attorney fees, the term "costs" in Rule 68 includes attorney fees. Marek v. Chesny, 473 U.S. 1, 9 (1985). In Marek, the Supreme Court held explicitly that attorney fees pursuant to 42 U.S.C. § 1988 are subject to the cost-shifting provisions of Rule 68. Id; see also Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 293 (6th Cir. 1989).

Thus, Chagrin Falls is correct that Chandler's post-offer attorney fees could be subject to

---

[4] With regard to briefing on the motion to enforce, Chandler filed a motion to strike Chagrin Falls' reply brief as untimely (Docket No. 128). The Court has considered all briefing in connection with the motion to enforce, so Chandler's motion to strike is denied.

-10-

the fee shifting provision of Rule 68.  However, the pre-offer attorney fees must be considered in determining whether the outcome of trial was "not more favorable than the offer".  As concluded above, the verdict entitles Chandler to her attorney fees.  In addition, the offer itself explicitly states that it is for "settlement for a sum, including attorneys' fees and costs now accrued". (Chagrin Falls' Motion To Enforce, Ex. A, emphasis added.) According to the fee schedule submitted by Chandler's counsel, as of the offer date of April 12, 2004, counsel had worked approximately 300 hours in connection with this case.  Under even Chagrin Falls' view of a reasonable hourly rate, the amount of attorney fees owed Chandler as of the offer date, particularly when added to the verdict amount, far exceeds the amount of the offer.  Accordingly, the Court concludes that Chagrin Falls' offer of judgment does not meet the requirement in Rule 68 that the outcome at trial be "not more favorable than the offer".  Accordingly, Chagrin Falls' motion to enforce the offer of judgment is denied.[5]

### III. CONCLUSION

For the foregoing reasons, Chagrin Falls' motion for judgment as a matter law or alternatively a new trial (Docket No. 115), and motion to enforce the offer of judgment pursuant to Fed. R. Civ. P. 68 (Docket No. 124), are denied.

---

[5] The Court notes that even if Rule 68's requirements were met, Chagrin Falls would not be entitled to recover or offset *its own* post-offer attorney fees as asserted.  Costs under Rule 68 include attorney fees only when the underlying substantive law provides for their recovery.  Here, because Chandler was the prevailing party (Rule 68 does not change that fact), Chagrin Falls cannot recover its own fees under 42 U.S.C. § 1988.  Therefore, under any circumstances, Chagrin Falls cannot apply its own fees to the fee-shifting calculation under Rule 68.  See Hopper, 867 F.2d at 296, citing, Marek, 473 U.S. at 9.

Chandler's motion for attorney fees and expenses (Docket No. 122) is granted, and the Court hereby awards Chandler: (1) attorney fees in the amount of $132,733.33; (2) village level costs and expenses in the amount of $2,786.95; and (3) litigation costs and expenses in the amount of $4,539.67.[6]

This order is final and appealable.

IT IS SO ORDERED.


Issued: January 5, 2007                                  s/ Ann Aldrich
                                                         UNITED STATES DISTRICT JUDGE

---

[6] As to the related procedural motions, Chandler's motions to strike (Docket Nos. 116 and 128) are denied, and Chagrin Falls' motion for leave to file a surreply (Docket No. 129) is granted.

-12-